UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DARIUS BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 05-CV-2199 |
| ) | |
| CATERPILLAR, INC., d/b/a CATERPILLAR ) | |
| MINING CO. EQUIPMENT, ) | |
| ) | |
| Defendant. ) | |

## OPINION

On September 9, 2005, Plaintiff, Darius Brown, through his attorney, Melissa M. McGrath, filed a Complaint (#1) against Defendant, Caterpillar, Inc. d/b/a Caterpillar Mining Co. Equipment. Plaintiff alleged race discrimination and retaliation in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, and in violation of 42 U.S.C. § 1981. Specifically, Plaintiff alleged that he was suspended in November 2003 because of his race in violation of Title VII and § 1981. Plaintiff also alleged that upon returning from his suspension, Defendant retaliated against him for opposing his suspension in violation of Title VII. In addition, Plaintiff alleged that Defendant terminated his employment in March 2004 because of his race and in retaliation for Plaintiff's opposition to his suspension in violation of Title VII.

On November 16, 2005, Defendant filed an Answer and Affirmative Defenses (#6). A Discovery Order (#11) was entered on January 26, 2006, and a jury trial was scheduled for February 5, 2007. On April 27, 2006, Plaintiff's attorney filed a Motion to Withdraw (#25). Plaintiff did not file an objection to the Motion, so Plaintiff's attorney was allowed to withdraw on May 25, 2006. Plaintiff was given until June 26, 2006, to obtain replacement counsel or notify the court that he was proceeding pro se. Plaintiff did neither, so, on June 28, 2006, a text order was entered which stated that Plaintiff was proceeding pro se.

On September 29, 2006, Defendant filed a Motion for Summary Judgment (#31) and attached documents in support of the motion. On October 3, 2006, Notice was sent to Plaintiff that a Motion for Summary Judgment had been filed. Plaintiff was thereby notified that he had 21 days to respond to the Motion. Plaintiff was also notified that, if no response was filed, the Motion could be granted and the case terminated without a trial. Plaintiff has not filed a Response to the Motion for Summary Judgment. Following this court's careful review of the documents and arguments presented by Defendant, Defendant's Motion for Summary Judgment (#31) is GRANTED.

## SUMMARY JUDGMENT

As noted, Plaintiff has not filed a response to Defendant's Motion for Summary Judgment. Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois provides:

> Within 21 days after service of a motion for summary judgment, any party opposing the motion shall file a response. A failure to respond shall be deemed an admission of the motion.

The Seventh Circuit has repeatedly held that such a rule is "entirely proper." Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir. 1994). Further, when the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994); Columbia Pictures Indus., Inc. v. Landa, 974 F. Supp. 1, 3 (C.D. Ill. 1997). However, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." Doe, 30 F.3d at 883. Accordingly, the district court must make the further finding that summary judgment is proper as a matter of law. LaSalle Bank, 54 F.3d

at 392.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge, 24 F.3d at 920.

In this case, Defendant has provided a detailed statement of undisputed material facts with supporting documentation. Briefly summarized, the undisputed facts show that Plaintiff, an African American male, began working at Defendant's Decatur facility on August 11, 2003. Plaintiff was a supplemental, or probationary, employee the entire time he worked for Defendant. On November 19, 2003, Plaintiff had a disagreement with another employee, Traci Bula, a white female. Bula reported to management that, during the argument, she felt intimidated by Plaintiff's tone of voice and physical proximity to her. Bula also reported that, in the weeks leading up to the argument, Plaintiff made several comments with sexual connotations that made her feel uncomfortable. Based on Bula's reports, management personnel agreed that her allegations implicated Defendant's prohibited harassment policy. Based upon this determination, Kevin Manship, the third-shift factory superintendent, made the decision to suspend Plaintiff's employment indefinitely. Plaintiff conceded at his deposition, taken April 20, 2006, that Manship honestly believed that Plaintiff had intimidated or harassed Bula and that Manship assumed Bula was telling the truth. Subsequently, after a thorough investigation during which Plaintiff was allowed to tell his side of the story, Plaintiff was allowed to return to work following a 20-day unpaid suspension. During the

investigation, Defendant learned that Bula had made a racial slur directed at Plaintiff. Consequently, Bula also received an unpaid 20-day suspension.

In January 2004, Plaintiff complained to the Vice President of his division that he had been suspended unfairly. On March 1, 2004, Plaintiff was transferred to second shift at his request. Following Plaintiff's transfer, Phil Holthaus, the second-shift factory superintendent, observed Plaintiff arrive late for work on March 11 and March 15, 2004. At his deposition, Plaintiff admitted he was late for work on March 15, 2004. Because he had observed Plaintiff arrive late to work two times in such a short period of time, Holthaus decided to review Plaintiff's attendance records. The attendance records showed that Plaintiff had been late to work 12 times since he began his employment with Defendant. Defendant's management then decided to terminate Plaintiff's employment for tardiness. On March 15, 2004, Plaintiff was told his employment was terminated because he had been late 12 times during his employment with Defendant.

Based upon these facts, Defendant argues that it is entitled to summary judgment on Plaintiff's claims. Defendant contends that it is entitled to judgment as a matter of law on Plaintiff's discrimination and retaliation claims because Plaintiff has no direct evidence in support of his claims and cannot establish a prima facie case under the indirect method of proof because Plaintiff cannot identify any similarly situated employee not in his protected class who was treated more favorably. Defendant notes that Bula, like Plaintiff, received a 20-day unpaid suspension, and further notes that Plaintiff cannot identify other supplemental employees who were also repeatedly late for work and were not terminated.

This court has carefully reviewed all of the documentation submitted by Defendant as well as Defendant's citations of authority. Following this careful review, this court concludes that Defendant has met its burden to show that no genuine issue of material fact exists which requires

a trial.  Based upon the undisputed facts and the applicable case law, this court agrees with Defendant that it is entitled to judgment on Plaintiff's claims as a matter of law.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Summary Judgment (#31) is GRANTED.  Judgment is entered in favor of Defendant and against Plaintiff on Plaintiff's Complaint (#1).

(2) This case is terminated.  Therefore, the final pretrial conference set for January 22, 2007, at 10:00 a.m. and the jury trial scheduled for February 5, 2007, at 9:00 a.m. are hereby VACATED.

ENTERED this 31st day of October, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE